**FILED**
**Oct 17, 2018**
**08:37 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT COOKEVILLE

| | |
|---|---|
| STACY MOODY, | ) Docket No. 2018-04-0014 |
| **Employee,** | ) |
| v. | ) **State File No. 35191-2015** |
| CUMBERLAND CTY. SCH. DIST. | ) |
| **Employer.** | ) **Judge Robert Durham** |

## EXPEDITED HEARING ORDER DENYING MEDICAL BENEFITS

This case came before the Court for an Expedited Hearing on October 12, 2018. The issue is whether Ms. Moody is entitled to treatment for her work-related knee injury from a doctor other than the authorized physician. The Court holds that Ms. Moody is not likely to establish that Cumberland County is required to authorize another physician at this time. Thus, it denies her request.

### History of Claim

Ms. Moody worked as an elementary school teacher for Cumberland County for 26 years. On May 7, 2015, she injured her left knee while playing in a faculty versus staff basketball game. Cumberland County accepted her claim and provided her with a panel of orthopedists from which she chose Dr. John Turnbull. He found an almost complete tear of Ms. Moody's anterior cruciate ligament and performed an ACL reconstruction after six weeks of therapy to strengthen her leg.

Post-operatively, Ms. Moody underwent extensive physical therapy in an attempt to regain motion and lessen her knee pain.[1] She testified that she continued to have significant problems with pain and lack of motion following therapy. When she questioned Dr. Turnbull about it, he told her that he had "done his job" and it was up to her to work harder in physical therapy if she wanted to improve. Ms. Moody took issue with this statement. She pointed out at the hearing that her PT notes reflected she gave maximum effort. She felt Dr. Turnbull gave little regard to her complaints and concerns.

---

[1] Ms. Moody also asserted she began experiencing back pain while on the recovery table following her knee surgery. Cumberland County accepted this injury as a compensable claim and provided her with treatment with authorized physicians. Ms. Moody is not seeking additional benefits regarding her back at this time.

1

For example, she testified that she obtained authorization for a follow-up MRI from Cumberland County's carrier, but Dr. Turnbull did not think it necessary and refused to order it.

Dr. Turnbull's perspective is somewhat different. In his affidavit, he noted that on June 26, 2016, Ms. Moody's examination revealed good stability and range of motion with no swelling; her primary complaint was that she could not sit cross-legged on the floor with her students. He found that she had reached maximum medical improvement with no impairment and released her to return to work without restrictions. He informed her she could return to see him as needed.

Ms. Moody testified that although she has returned to work, she continues to have problems with her knee. She still experiences significant pain and is limited in her ability to bend, squat, sit on the floor, or walk on uneven terrain or stairs. Despite these problems, however, she did not seek additional evaluation or treatment from either Dr. Turnbull or an unauthorized physician. She testified that she did not return to Dr. Turnbull because she felt he made it clear that there was nothing more he could do for her. As for seeing unauthorized doctors, Ms. Moody testified she has not done so because her personal health insurance would not cover it given that her problems stemmed from a workers' compensation injury.

On March 1, 2018, Ms. Moody sustained another injury when a student accidentally struck her left knee causing pain on the posterolateral side. Cumberland County accepted the injury as compensable and provided Ms. Moody with a panel of orthopedists from which she chose Dr. Jonathon Cornelius; however, it only authorized Dr. Cornelius to treat the 2018 injury.

On his initial exam, Dr. Cornelius observed tenderness and limited mobility, which he related primarily to the 2018 injury. He reviewed a recent MRI and noted Ms. Moody's 2015 ACL reconstruction was intact. Although she had moderate arthritis, he did not observe any acute changes. In his deposition, he stated that her arthritis was due to either her 2015 injury or her age. He injected cortisone into her knee and ordered physical therapy with the goal of returning Ms. Moody's symptoms back to baseline before her 2018 injury. Dr. Cornelius saw her for a final time on May 9. He felt that her knee had returned to the condition it was in before the 2018 injury. He placed her at maximum medical improvement and released her to return to work without restrictions or impairment.

On May 15, Dr. Cornelius wrote a letter stating that he believed Ms. Moody still suffered from symptoms stemming from her 2015 injury and would benefit from viscosupplementation injections in her knee. He also stated he would be happy to assume Ms. Moody's care for the 2015 injury. Cumberland County declined his offer.

## Findings of Fact and Conclusions of Law

Ms. Moody need not prove every element of her claim by a preponderance of the evidence to obtain relief at an expedited hearing. Instead, she must present sufficient evidence that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The sole issue is whether Ms. Moody is entitled to another authorized physician, specifically Dr. Cornelius, for treatment of her 2015 work injury. The evidence established that Cumberland County provided Ms. Moody with a panel of physicians under Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) from which she voluntarily chose Dr. Turnbull as her authorized physician. However, Ms. Moody argues that she is entitled to treat with another doctor, preferably Dr. Cornelius, given Dr. Turnbull's dismissive attitude toward her continued symptoms and Dr. Cornelius's willingness to provide treatment for her complaints.

Whether an employee is justified in seeking payment for unauthorized medical expenses from an employer depends upon the circumstances. *Hackney v. Integrity Staffing Solutions,* 2016 TN Wrk. Comp. App. Bd. LEXIS 29, at *8-9 (July 22, 2016). Here, the Court finds that the circumstances do not yet justify compelling Cumberland County to provide treatment with an orthopedist other than Dr. Turnbull. Before unauthorized treatment can be compelled, the employer must first be given an opportunity to determine whether the treatment is reasonable and necessary for the work injury. *Id.* By refusing to seek any additional care from Dr. Turnbull, Ms. Moody has not given Cumberland County the opportunity to provide further authorized treatment should the circumstances warrant. The Court acknowledges that Ms. Moody feels Dr. Turnbull marginalized her complaints and questioned her credibility during his course of treatment; however, those feelings alone do not justify transferring her care to another doctor without an attempt to return to Dr. Turnbull. *See Baker v. Electrolux*, 2017 TN Wrk. Comp. App. Bd. LEXIS 65, at *8-9 (Oct. 20, 2017) (employee's dissatisfaction with authorized doctor's care not enough to require the employer to authorize treatment with another physician).

IT IS, THEREFORE, ORDERED that:

1. Ms. Moody's request for another authorized physician is denied at this time.

2. This matter is set for a Scheduling Hearing on December 3, 2018, at 2:00 p.m. C.S.T. The parties or their counsel must call 615-253-0010 or toll-free at 855-689-9049 to participate in the hearing. Failure to call may result in a determination of the issues without your participation.

3

**ENTERED OCTOBER 16, 2018.**

Robert V. Durham, Judge
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical Record

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Cumberland County's Witness and Exhibit List
4. Cumberland County's Expedited Hearing Brief

Exhibits

1. First Report of Injury
2. Employee Accident Report
3. Choice of Physician Form
4. Physical Therapy Records
5. Ms. Moody's submitted medical records
6. Causation letter and treatment recommendations from Dr. Cornelius
7. Mrs. Moody's affidavit
8. Mr. Moody's affidavit
9. Patricia Edington's affidavit (for I.D. only)
10. Dr. Cornelius's deposition with attachments
11. Dr. Turnbull's affidavit with attachments
12. Dr. Mackey's deposition (for back complaints) with attachments.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on October 16, 2018.

| Name | Certified Mail | Via Email | Service sent to: |
|------|----------------|-----------|------------------|
| Stacy Moody | X | X | 55 Southway<br>Crossville, TN 38555<br>srstacymoody@gmail.com |
| Terri Bernal | | X | tbernal@charwelllaw.com |

_Penny Shrum_

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**

5



<u>Expedited Hearing Order Right to Appeal</u>:

  If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

_____

**Employee**

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals
Board. [List the date(s) the order(s) was filed in the court clerk's office]

Judge_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

- ☐ Temporary disability benefits
- ☐ Medical benefits for current injury
- ☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation     $ _____ per month     Child Support     $ _____ per month

Car     $_____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____